Filed 2/20/15  P. v. Johnson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061858 |
| v. | (Super.Ct.No. FVI1202652) |
| STEVEN LYNN JOHNSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael M. Dest, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Steven Lynn Johnson, in pro. per.; and Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Steven Lynn Johnson pled guilty to driving under the influence of alcohol after suffering three prior convictions for driving under the influence (count 1; Veh. Code, §§ 23152, subd. (a), 23550, 23550.5) and resisting an executive

1

officer (Pen. Code, § 69).  Defendant additionally admitted allegations he had suffered

three prior prison terms.  (Pen. Code, § 667.5, subd. (b).)  The court sentenced defendant

to the three year, eight month term of incarceration as provided in defendant's plea

agreement.

After counsel filed the notice of appeal, this court appointed counsel to represent

defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979)

25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

the case, a summary of the facts, and identifying one potentially arguable issue:  whether

the court erred in denying defendant's motion to suppress the evidence against him.

Defendant was offered the opportunity to file a personal supplemental brief, which he has

done.  In his brief, defendant raises several noncognizable issues including complaints

against his defense counsel below on matters unrelated to the instant case, disputing that

he ever waived time, and complaints regarding the conditions of his confinement before

he entered his plea.  Defendant also contends the officer had no basis for stopping him,

the officers lied during their preliminary hearing testimony, and he was not permitted to

cross-examine the officers.  We affirm the judgment.

FACTS AND PROCEDURAL HISTORY

On July 6, 2012, at approximately 8:00 p.m. while parked in his patrol vehicle,

San Bernardino Deputy Sheriff Max Kunzman witnessed two females, known to him to

be prostitutes, approach defendant's vehicle, bend over into the open window, and make

contact with defendant.  One of the women looked over at Kunzman, said something to

the other woman, and both women ran away from the vehicle. Defendant drove off; Kunzman followed.

Defendant turned abruptly into an alleyway as if attempting to evade Kunzman. As defendant turned to exit the alleyway, he neglected to signal his turn. Kunzman activated his overhead lights and pulled defendant's vehicle over for failure to signal.

Kunzman smelled a strong odor of alcohol coming from the vehicle. He asked defendant whether he had been drinking. Defendant responded that he had consumed beer. Defendant's eyes were bloodshot and watery. Kunzman suspected defendant had been driving under the influence of alcohol.

Kunzman called Deputy Sheriff Ortiz to the scene. Ortiz noticed the odor of alcohol coming from defendant's person and breath. Ortiz asked defendant if he had been drinking. Defendant said he had consumed one 24-ounce beer. Defendant "had bloodshot, watery eyes, slurred speech. He was confused and stuttering, and he had trouble maintaining his balance." Defendant agreed to submit to field sobriety tests, but "was not able to complete them due to his stated inability to walk."

Ortiz utilized a preliminary alcohol screening device on defendant, which reflected a blood alcohol concentration (BAC) of .115 percent, which was above the legal limit of .08 percent. A nurse was called to conduct a blood draw of defendant at the scene. Ortiz "was present during the entire blood draw." The blood draw reflected defendant's BAC was .117 or .119 percent, but was officially reported as .11 percent. Defense counsel cross-examined both Kunzman and Ortiz at the preliminary hearing.

3

The People charged defendant by information with driving under the influence of alcohol after suffering three prior convictions for driving under the influence (count 1; Veh. Code, §§ 23152, subd. (a), 23550, 23550.5) and driving while having a BAC of .08 percent or higher (Veh. Code, §§ 23152, subd. (a), 23550, 23550.5) having suffered prior convictions for driving with a BAC of .08 percent or higher. The People additionally alleged defendant had suffered six prior prison terms (Pen. Code, § 667.5, subd. (b)).

On December 11, 2012, defendant filed a motion to suppress the evidence against him. On December 13, 2012, the People filed opposition. The court held the hearing on the motion to suppress concurrently with the preliminary hearing on January 31, 2013. The court denied the motion to suppress and held defendant to answer.

On April 3, 2013, defendant filed another motion to suppress. The People filed opposition on April 24, 2013. After a hearing, the court denied the motion.

On June 10, 2013, defendant signed and initialed a plea agreement in which he indicated his intent to plead guilty to count 1 and an interlineated count 3. Defendant would additionally admit three prior prison term allegations. In return, on the People's motion, the court would dismiss the remaining count and allegations, and sentence defendant to an aggregate, determinate term of three years, eight months incarceration. As part of his plea, defendant initialed term No. 20 reading, "I waive and give up any right to appeal from any motion I may have brought or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain."

The same day, the judge in open court went over defendant's constitutional rights and plea agreement. Defendant pled guilty to counts 1 and 3 and admitted the three prior

prison term allegations. The parties stipulated the police report, preliminary hearing, and information would provide the factual basis for the plea. The court dismissed the remaining count and allegations and sentenced defendant as provided in his plea agreement.

By order dated August 12, 2014, we granted defendant's request in his petition for writ of habeas corpus, case No. E060314, that we allow defendant to file a late notice of appeal and deem it constructively filed within the time permitted by law. On August 20, 2014, counsel from Appellate Defenders, Inc. filed a notice of appeal on behalf of defendant reflecting the appeal was based on the sentence or other matters occurring after the plea or challenging the validity of the plea.

Interlineated as another basis for the appeal was a challenge to the "ORDER DENYING MOTION TO PRECLUDE REGISTRATION." The court denied the attached request for a certificate of probable cause. The superior court clerk subsequently filed an affidavit reflecting that defendant "**purports to appeal from an 'Order Denying Motion to Preclude Registration**.'" "**The court file and register of actions have been thoroughly searched. No mention of a Motion to Preclude Registration, nor an Order Denying Motion to Preclude Registration could be located**."

DISCUSSION

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. (*People v. Lujano* (2014) 229 Cal.App.4th 175, 189-190 [Fourth Dist., Division Two] [where defendant's plea agreement includes a waiver of the right to appeal, defendant must obtain a certificate of

5

probable cause to challenge the court's ruling on a motion to suppress]; *People v. Suff* (2014) 58 Cal.4th 1013, 1055-1056 [officer justified in commencing traffic stop when officer was following behind a motorist who failed to signal the vehicle's turn]; *Hein v. North Carolina* (2014) 135 S.Ct. 530, 534-540 [stop of motorist based on officer's reasonable but mistaken belief that driver had violated the law did not make stop invalid]; *People v. Rossetti* (2014) 230 Cal.App.4th 1070, 1076-1077 [good faith exception applicable to warrantless blood draw]; *People v. Youn* (2014) 229 Cal.App.4th 571, 578-579 [same]; *People v. Tully* (2012) 54 Cal.4th 952, 979 [trial court resolves issues of credibility in ruling on motion to suppress].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

KING
Acting P. J.

MILLER
J.